STATE v. CICERO KNOTT.

(Decided April 18, 1899).

*False Pretence—The Code, Section 1025.*

Evidence of obtaining money upon a false promise to be performed in the future, but which does not show a false representation of a subsisting fact, will not support an indictment under The Code, section 1025, for obtaining money under a false pretence.

STATE *v.* KNOTT.

INDICTMENT for obtaining money under a false pretence, tried before *McIver, J.,* at November Term, 1898, of FORSYTH Superior Court.

The defendant excepted to the sufficiency of the evidence to support the charge, and upon conviction moved for a new trial. Motion refused and defendant appealed from the judgment. The evidence is stated in the opinion.

*Messrs. Moore & Sapp,* for appellant.

*Mr. Zeb. V. Walser,* Attorney General, and *Brown Shepherd,* for the State.

FAIRCLOTH, C. J. The defendant is indicated for obtaining money under a false pretence. Code, Section 1025. The State's witness testified that "he went to the defendant, Knott, and told him he understood he was an agent for one Franklin, who would furnish good and lawful money to any one at the rate of $10 for each $1 invested and that he afterwards on the same day made a *bargain* with defendant, Knott, that, upon the payment of $21.50, the said Knott was to procure for him from said Franklin the sum of $150; that defendant, Knott, told him he had furnished money at these rates for Ogburn, Hill & Co.," and others; further that said money had not been received by him.

Does this evidence constitute an indictable offence under our Code? It does not. It shows a *promise* to be performed in the future, but does not show a false representation of a subsisting fact. This question was fully explained in *State v. Phifer,* 65 N. C., 325, which has been followed as a leading case. There, it was held that "There must be a false representation of a subsisting fact, calculated to deceive and which does deceive," but it does not extend to mere tricks of trade. It makes no difference whether the prosecutor was a prudent

or imprudent man, or one easily imposed upon; for, if he was deceived, it was done by a *promise* and not by a false representation of an existing fact.

New trial.